IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GEORGE IVERSON, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 04cv12297 RCL |
| WESLEY HOTEL, INC., | ) |
| Defendant. | ) |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Wesley Hotel, Inc. answers plaintiff's complaint in this matter as follows:

### JURISDICTION AND VENUE

1.  Defendant admits that this court has jurisdiction of this matter. Further answering, defendant states that the cited statutes speak for themselves and denies that it has violated the Americans With Disability Act ("ADA"), 42 U.S.C. 12181, *et seq.* in any manner.

2.  Defendant admits that its property is located in and that it does business within the District of Massachusetts.

3.  Defendant neither admits nor denies the allegations contained in paragraph three of the complaint, because it is without sufficient knowledge or information of the same and therefore, calls upon plaintiff to prove same.

4.  Defendant admits that it operates a hotel located at 70 Lake Avenue, Oak Bluffs, MA 02557, as stated in paragraph four of the complaint.

## STATUTORY BACKGROUND

5. Defendant admits that Congress enacted the ADA in 1990. Further answering, defendant states that the remainder of paragraph five of the complaint consists of statements of law, to which no response is necessary. To the extent that paragraph five of the complaint contains allegations of fact, such allegations are denied.

6. Paragraph six of the complaint consists of statements of law, to which no response is necessary. Further answering, paragraph six refers to provisions of the ADA and the statute speaks for itself. To the extent that paragraph six of the complaint, including all subparts, contains allegations of fact, such allegations are denied.

7. Paragraph seven of the complaint consists of statements of law, to which no response is necessary. Further answering, paragraph seven refers to provisions of the ADA and the statute speaks for itself. To the extent that paragraph seven of the complaint, including all subparts, contains allegations of fact, such allegations are denied.

8. Paragraph eight of the complaint consists of statements of law, to which no response is necessary. Further answering, paragraph eight refers to provisions of the ADA and regulations promulgated thereunder, and the statute and regulations speak for themselves. To the extent that paragraph eight of the complaint contains allegations of fact, such allegations are denied.

9. Paragraph nine of the complaint consist of statements of law, to which no response is necessary. Further answering, paragraph eight refers to provisions of the ADA and regulations promulgated thereunder, and the statute and regulations speak for themselves. To

the extent that paragraph nine of the complaint contains allegations of fact, such allegations are denied.

## THE PARTIES AND STANDING

10.  Defendant neither admits nor denies the allegations contained in paragraph ten of the complaint, because it is without sufficient knowledge or information of the same and therefore, calls upon plaintiff to prove same.

11.  Defendant denies the allegations contained in paragraph eleven of the complaint.

12.  Defendant denies the allegations contained in paragraph twelve of the complaint.

13.  Defendant admits that it operates a hotel known as the Wesley Hotel, located at 70 Lake Avenue, Oak Bluffs, MA 02557. Defendant denies the remaining allegations contained in paragraph thirteen of the complaint.

14.  Defendant denies the allegations contained in paragraph fourteen of the complaint.

15.  Defendant denies the allegations contained in paragraph fifteen of the complaint.

16.  Defendant denies the allegations contained in paragraph sixteen of the complaint.

## THE INSTANT CLAIM

17.  Defendant denies the allegations contained in paragraph seventeen of the complaint, including all subparts.

18. Defendant denies the allegations contained in paragraph eighteen of the complaint.

19. Defendant admits that the cited provisions of 28 C.F.R. speak for themselves. To the extent that paragraph nineteen of the complaint contains allegations of fact, such allegations are denied.

20. Defendant admits that 28 C.F.R. Part 36, App. A speaks for itself. To the extent that paragraph twenty of the complaint contains allegations of fact, such allegations are denied.

21. Defendant denies the allegations contained in paragraph twenty-one of the complaint.

22. Defendant denies the allegations contained in paragraph twenty-two of the complaint.

23. Defendant denies the allegations contained in paragraph twenty-three of the complaint.

24. Defendant denies the allegations contained in paragraph twenty-four of the complaint.

25. Defendant denies the allegations contained in paragraph twenty-five of the complaint.

26. Defendant admits that 42 U.S.C. § 12188 speaks for itself. To the extent that paragraph twenty-six of the complaint contains allegations of fact, such allegations are denied.

## AFFIRMATIVE DEFENSES

### First Defense

The complaint fails to state claims upon which relief may be granted against defendant.

### Second Defense

Plaintiff does not have standing to bring this action, and therefore, the complaint should be dismissed.

### Third Defense

Plaintiff has demanded modifications that would result in significant financial loss for defendant, and therefore, such modifications are not readily achievable.

### Fourth Defense

Plaintiff has demanded modifications to a facility that are not readily achievable, structurally impracticable, technically infeasible, and/or are not required.

### Fifth Defense

Plaintiff has demanded modifications to a facility that would require defendant to fundamentally alter the way it provides its goods and services or that would impose an undue burden upon defendant.

### Sixth Defense

The allegations of the complaint state claims against a third indispensable party who has not been joined and for whose conduct defendant cannot be held liable.

**Seventh Defense**

Prior to the institution of this action, defendant or the owner, operator, lessor or lessee ad already implemented the removal of any existing barriers pursuant to 28 C.F.R. § 36.304 to the extent the removal of said barriers were readily achievable; therefore, plaintiff is not entitled to relief requested, including but not limited to an injunction or award of attorneys' fees.

**Eighth Defense**

To the extent any architectural barrier exists, it is merely a technical violation within acceptable conventional building industry tolerances for field conditions and the facilities, when taken as a whole, are compliant with the ADA and its implementing regulations.

**Ninth Defense**

To the extent any architectural barrier exists, it has been remedied and/or removed and the issues arising from the complaint are now moot and the facilities are compliant with the ADA and its implementing regulations.

**ATTORNEY'S FEES**

Defendant has retained the law firm of Morgan, Brown & Joy, LLP and has agreed to pay said firm a reasonable fee for its services.  Pursuant to 28 U.S.C. § 1927 and 42 U.S.C. § 12205, defendant is entitled to recover its attorney's fees and costs.

WHEREFORE, defendant prays:

(1) That plaintiff's complaint be dismissed;

(2) That defendant be awarded its costs; and

(3) That defendant be awarded such other and further relief as the court deems appropriate.

                Respectfully submitted,

                WESLEY HOTEL, INC.,

                By Its Attorneys,

                _/s/ Laurence J. Donoghue_
                Keith H. McCown
                Mass. BBO# 329980
                Laurence J. Donoghue, Esq.
                Mass BBO# 130140
                Morgan, Brown & Joy, LLP
                One Boston Place
                Boston, MA 02108
                (617) 523-6666

Dated: December 6, 2004

## CERTIFICATE OF SERVICE

I, Laurence J. Donoghue, hereby certify that on December 6, 2004, I served a copy of the foregoing pleading by first class mail, postage prepaid, upon O. Oliver Wragg, Esq., FULLER, FULLER, & ASSOCIATES, PA, 1200 Biscayne Blvd., Suite 609, North Miami, FL 33183.

                _/s/ Laurence J. Donoghue_
                Laurence J. Donoghue